UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRISTIAN LEONEL TABARES REYES,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-00633-GJL

ORDER GRANTING HABEAS PETITION IN PART AND DIRECTING BOND HEARING

Petitioner Cristian Leonel Tabares Reyes ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On February 21, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention and injunctive relief.

Respondents to the Petition include Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office),[1] Todd Lyons (Acting Director of ICE), Bruce Scott (Warden of the

---

[1] Respondents substituted Respondent Julio Hernandez as the Acting Field Office Director for ICE's Seattle Field Office in the Return pursuant to Federal Rule of Civil Procedure 25(d). Dkt. 5 at 1 n.1.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 1

NWIPC), the U.S. Department of Homeland Security ("DHS"), Kristi Noem (DHS Secretary), and Pamela Bondi (U.S. Attorney General). The Petition has been fully briefed. Dkts. 1, 5, 8. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition **in part** and **ORDERS a bond hearing within 7 days of this Order**.

## I.      FACTUAL BACKGROUND

Petitioner, a citizen of Cuba, entered the United States on or about December 28, 2022, at age sixteen. Dkt. 6-1. Petitioner was apprehended by U.S. Border Patrol ("USBP"), charged as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), and briefly detained.[2] Dkts. 6-1, 6-3. Designated as an unaccompanied minor ("UAC"), Petitioner was transferred to the Office of Refugee Resettlement ("ORR") within the Department of Health and Human Services ("DHHS"). Dkt. 6-3. ORR released Petitioner on January 12, 2023, to the custody of his father in Miami, Florida.[3] *Id.* On November 3, 2023, Petitioner filed a  Form I-589, Application for Asylum and for Withholding of Removal, while still under the age of eighteen. Dkts. 1-3, 7 at ¶ 4.

On July 25, 2025, Petitioner was arrested in Montana for the felony of Aggravated Sexual Intercourse Without Consent. Dkt. 7 at ¶ 5. On December 19, 2025, Petitioner pled guilty to one

---

[2] Respondents allege Petitioner was issued a Notice to Appear before an immigration judge at this time, but the Notice to Appear was not filed in immigration court and thus removal proceedings were not initiated. Dkt. 5 at 2; Dkt. 7 at ¶¶ 3, 8. Respondents have not provided this document for the Court's review.

[3] While Deportation Officer Hubbard states a DHS database note indicated Petitioner was released on an "Order of Recognizance – Humanitarian," he was unable to locate any documents confirming that information, and it contradicts the ORR Verification of Release provided by Respondents. Dkt. 7 at ¶ 3; Dkt. 6-3.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

misdemeanor count of Assault, Offensive Contact. Dkts. 1-5, 7 at ¶ 6. The Montana state court sentenced Petitioner to Flathead County Jail for 175 days, with 175 days suspended and 148 days of credit for time served. *Id.*

Petitioner was set to be released from criminal custody later in the day on December 19, 2025. Dkt. 6-4 at 4. USBP detained Petitioner at the Flathead County detention center immediately following his release from criminal custody. *Id.* Petitioner's Form I-213 described the "custody determination" preceding Petitioner's re-detention as follows: "Based on the subject's lack of lawful immigration status and the ongoing criminal investigation for serious felony offenses, DHS has determined that continued detention is warranted to ensure public safety and the orderly administration of removal proceedings." *Id.* at 4. There is no evidence of an ongoing criminal investigation, and Respondents concede "USBP may have believed that Petitioner's felony offense was still pending at the time of arrest." Dkt. 5 at 3.

USBP issued Petitioner a Notice to Appear, charging him with inadmissibility under Section 212(a)(6)(A)(i) and Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). Dkt. 6-5 at 5. USBP transferred Petitioner to NWIPC on December 22, 2025. Dkt. 7 at ¶¶ 7, 9. Per the parties' briefing, Petitioner remains detained at NWIPC, he has not requested a bond hearing, and his asylum application remains pending. Dkt. 7 at ¶¶ 7, 12, 13. Petitioner was scheduled to have a merits hearing in immigration court on March 13, 2026, and the Court has not received any further information to date.

## II.    PROCEDURAL BACKGROUND

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on February 21, 2026. Dkt. 1. The Petition alleges: (1) Respondents violated his constitutional guarantees of due process under the Fifth Amendment by re-detaining him without notice and a pre-deprivation

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 3

hearing, and (2) Respondents violated 8 U.S.C. § 1357(a) when USBP officers arrested Petitioner without performing an individualized flight risk assessment. *Id.* at 11–12. On March 9, 2026, Respondents filed a Return alleging Petitioner's re-detention is statutorily lawful and comports with due process. Dkt. 5. Petitioner filed a Traverse on March 11, 2026. Dkt. 8.

Having reviewed the parties' arguments, the factual record, and the relevant legal authority, the Court concludes that Petitioner did not receive constitutionally adequate process and finds habeas relief warranted for the following reasons.

### III.     LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

## IV.   DISCUSSION

Respondents first argue Petitioner's re-detention is lawful because Petitioner is mandatorily detained under 8 U.S.C. §1225. Dkt. 5 at 4–5. However, Respondents concede at least one court in this District has found Section 1225 inapplicable to individuals who – like Petitioner – initially entered the United States as UACs and were subsequently released to a sponsor by ORR.[4] Dkt. 5 at 5 (citing *Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) (finding that a person who initially entered the United States as an UAC cannot be subject to the detention procedures in Section 1225)). Indeed, courts have consistently found UACs are not subject to Section 1225(b)'s mandatory detention framework. *See Torres v. Wamsley*, 807 F. Supp. 3d 1266, 1272–73 (W.D. Wash. 2025); *Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 547591, at *6 (W.D. Wash. Feb. 23, 2026); *Cornejo Rivera v. Olson*, No. 3:25-cv-1090-CCB-SJF, 2026 WL 81753, at *2 (N.D. Ind. Jan. 12, 2026) (collecting similar cases from several districts). This Court has previously rejected Respondents' mandatory detention argument in this context and does so again here. *See Caisa Telenchana v. Hermosillo*, 2:26-cv-00363-GJL, 2006 WL 696806, at *10 (W.D. Wash. March 12, 2026).

Moreover, even assuming *arguendo* Respondents possessed statutory authority to detain Petitioner, this would not obviate their obligation to comply with due process. *Shinwari v. Hermosillo*, No. 2:26-cv-00009-RAJ, 2026 WL 262605, at *3 (W.D. Wash. Jan. 30, 2026) ("As multiple courts in this district have found in similar cases, even if a particular statute or regulation does not require a pre-arrest hearing in these specific circumstances, this does not

---

[4] Respondents "respectfully disagree" with the holding in *Gabriel Garcia*, while making no attempt to reconcile the TVPRA with mandatory detention under § 1225 or to distinguish *Gabriel Garcia* from the case at bar. Dkt. 5 at 5.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

mean such a hearing is not required by Due Process.") (citations and quotations omitted); *P.T. v. Hermosillo*, No. 25-cv-2249-KKE, 2025 WL 3294988, at *2 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected. In determining the lawfulness of Petitioner's detention, the Court will focus not on the Government's claimed authority to detain, but the process by which Petitioner was detained."). Regardless of Respondents' statutory basis for re-detaining Petitioner, the Due Process Clause affords Petitioner constitutional protections that must be considered. *Espinoza Palacios v. Hermosillo*, No. 2:26-cv-491-JNW, 2026 WL 686138, at *6 (W.D. Wash. Mar. 11, 2026). Thus, the Court applies the three-part *Mathews* framework to determine whether Petitioner's re-detention without prior notice or hearing violated his right to due process.

**A.      Petitioner's Due Process Claim**

The first *Mathews* factor considers "the private interest that will be affected by the official action[.]" *Mathews*, 424 U.S. at 335. Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). Even conditional release "is valuable and must be seen as within the protection of the [Due Process Clause]." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 377–81 (1987) (recognizing "the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee").

//

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 6

Despite conceding Petitioner has a liberty interest in his continued freedom from detention, Respondents argue it is nevertheless "tempered by his criminal activity several states away from where he was released to a sponsor in 2022." Dkt. 5 at 6. On the facts of this case, the Court agrees that Petitioner's liberty interest is lessened by Petitioner's recent misdemeanor conviction, but it nevertheless remains a significant liberty interest under the first *Mathews* factor. *See Quinonez Torres*, 2026 WL 547591, at *6 (applying *Mathews* factors to thoroughly consider the due process required for previously released noncitizens facing subsequent criminal charges).

As noted in *Quinonez Torres*, "[c]ourts have held that where a noncitizen is released after an evaluation of their dangerousness and flight risk, their re-arrest and re-detention generally requires a showing of a material change in circumstance." *Id.* (citations omitted); *see also E.A. T.-B. v. Wamsley*, 795 F.Supp.3d 1316, 1323 (W.D. Wash. 2025) (collecting cases); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1203 (W.D. Wash. 2025). Like the petitioner in *Quinonez Torres*, Petitioner was released from ORR custody to live with a sponsor, and his release "necessarily required a consideration of his risk of flight and dangerousness." *Id.* (citing 8 U.S.C. § 1232; 6 U.S.C. § 279(a)(2)). Petitioner's release from immigration custody prior to his criminal arrest lasted for more than two years, further strengthening his liberty interest in remaining free from detention. He had also completed his criminal custody obligation and was being processed for release from custody back into the community on the same day he was re-detained by immigration officials.

At the same time, there is an undisputed showing of changed circumstances based on Petitioner's subsequent criminal misdemeanor conviction. Dkt. 1-5; Dkt. 8 at 2–3. While Petitioner retains a significant liberty interest in remaining free from custody, the Court agrees it

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 7

"is not as strong as it would be for an individual without any showing of material changed circumstance, in particular as may be relevant to the assessment of dangerousness or flight risk." *Quinonez Torres*, 2026 WL 547591, at *2 (post-release charge for assault and battery on a family or household member); *see also Singh Sandhu v. Noem*, No. 2:26-cv-00465-TLF, 2026 WL 607701, at *2 (W.D. Wash. Mar. 4, 2026) (post-release arrest and pending charge for reckless driving); *Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF, 2026 WL 507678, at *1 (W.D. Wash. Feb. 24, 2026) (post-release charge for theft in the first degree); *Orozco Valle v. Scott*, No. 2:25-cv-02429-JNW-TLF at 3–4, 7, 9 (W.D. Wash. Jan. 5, 2026) (post-release guilty pleas to negligent driving in the first degree and violation of a no-contact order). Under these circumstances, the first *Mathews* factor still weighs in Petitioner's favor.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest, and the probable value, if any, of additional procedural safeguards. *Mathews*, 424 U.S. at 335. Having reviewed Petitioner's allegations along with Respondents' justification for his re-detention, there was a significant risk of erroneous deprivation of Petitioner's liberty interest in this case.

The Form I-213 accompanying Petitioner's re-detention states DHS determined Petitioner's continued custody was warranted to "ensure public safety" based on "the ongoing criminal investigation for serious felony offenses,"[5] Dkt. 6-4 at 4. However, the same Form I-213 acknowledges Petitioner had pled guilty to the amended misdemeanor charge and was set to be released back into the community. *Id.* Respondents have not offered any evidence that this

---

[5] The 2025 Form I-213 also states DHS found continued detention warranted to ensure the orderly administration of removal proceedings given Petitioner's "lack of lawful immigration status." Dkt. 6-4 at 4. However, as Petitioner correctly points out, Respondents have not identified any change in Petitioner's immigration status following his release from ORR custody in 2023. Thus, the primary basis for Petitioner's re-detention appears to have been his recent misdemeanor conviction.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 8

investigation remained ongoing or that Petitioner was under investigation for any other criminal activity. Instead, Respondents concede "USBP may have believed that Petitioner's felony offense was still pending at the time of arrest." Dkt. 5 at 3 (citing Dkt. 6-4; Dkt. 7 at ¶ 7). This infirm belief regarding Petitioner's circumstances created a high risk that his liberty would be erroneously deprived, and Respondents have not identified any contemporaneous opportunity afforded to Petitioner to challenge the Government's justification for his re-detention or its factual underpinnings. *See Singh v. Bondi*, No. 26-cv-0598-SKV, 2026 WL 747104, at *3 (W.D. Wash. Mar. 17, 2026).

Where the articulated justification for re-detention appears to be in error, a brief, neutral custody hearing would have meaningfully reduced that risk. *See Ramirez Tesara*, 800 F. Supp. 3d at 1137; *E.A. T.-B.*, 795 F. Supp. 3d at 1324. Accordingly, the second *Mathews* factor favors Petitioner.

In the third and final *Mathews* factor, the Court considers the Government's interest in re-detaining Petitioner without a hearing. *Mathews*, 424 U.S. at 335. The Government has a strong interest "in protecting the public from dangerous criminal [noncitizens]" and preventing noncitizens from remaining the United States in violation of our law. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (citing *Denmore v. Kim*, 538 U.S. 510, 515, 518 (2003)). Respondents argue "Petitioner arguably posed a flight risk and a pre-deprivation hearing could have motivated his flight." Dkt. 5 at 7.

Assuming *arguendo* that Respondents are correct, this argument does not address the lack of timely post-arrest process in this case. Indeed, while courts have recognized there may be situations urgently requiring arrest without a pre-deprivation hearing, due process requires a prompt post-deprivation in those cases, at a minimum. *See Quinonez Torres*, 2026 WL 547591,

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 9

at *6 (citing *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R. v. Kaiser*, No. 25-cv-05436-RFL, 2025 WL 1983677, at *9 (N.D. Cal. July 17, 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

Respondents have failed to identify any concrete reason why a timely post-deprivation hearing was not provided or how it would have materially impeded the Government's interests in Petitioner's case. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *see also Quinonez Torres*, 2026 WL 547591, at *9 ("Yet even when the government conducts a warrantless arrest for criminal charges, an individual is entitled to notice of the criminal charges at an initial appearance within 48 hours of being arrested, and the government must provide a detention or release hearing before the individual is committed for pretrial detention.") (citations omitted). Custody hearings are already routine, and courts in this District have found the marginal administrative burden of such hearings to be modest and outweighed by the liberty interest at stake. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025).

For these reasons, the Court finds Respondents' interest in placing Petitioner in detention without a contemporaneous hearing is low and does not outweigh Petitioner's liberty

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 10

interest or the risk of erroneous deprivation of liberty. As a result, Petitioner is entitled to habeas relief for his due process claim.

**B.      Petitioner's Claim Related to an Unlawful Arrest**

Petitioner's second claim alleges USBP officers failed to make an individualized flight assessment prior to his arrest in violation of 8 U.S.C. § 1357(a)(2). Dkt. 1 at 12. Respondents offered no argument in response to Petitioner's § 1357(a)(2) claim beyond suggesting "Petitioner arguably posed a flight risk" within their due process argument. Dkt. 5 at 7.

Upon review, the Court has not found any clear evidence that there was an individualized flight assessment made prior to Petitioner's re-detention. As discussed above, Petitioner's I-213 Form includes an opaque "custody determination" made by DHS prior to his re-detention, and it does not allude to Petitioner's risk of flight without immediate detention. *See* Dkt. 6-4 at 4. Nonetheless, even if Petitioner's arrest was unlawful under 8 U.S.C. § 1357(a)(2), the Court is not convinced it provides an independent basis for his immediate release from custody. *See Suraj v. Bondi*, 2:25-cv-02699-TMC, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (finding arrest in violation of 8 U.S.C. §1357(a)(2) did not warrant habeas relief as the "body" of the defendant is not suppressible and remains properly before the court); *but compare Torres v. Hermosillo*, No. 2:25-CV-02687-LK, 2026 WL 145715, at *7 (W.D. Wash. Jan. 20, 2026) (finding government's failure to follow its own regulations in re-detaining a noncitizen relevant to due process inquiry under *Mathews*). Nor has Petitioner cited any authority for finding otherwise. "While the legality of [Petitioner's] initial arrest may be at issue in his removal proceedings, it does not provide this Court a basis for concluding that his current detention violates the INA or the Constitution." *Id.* at *3. Accordingly, the Court finds Petitioner's statutory claim does not warrant remedy beyond that required for Petitioner's due process claim.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 11

## V.   REMEDY

Having determined that Petitioner was re-detained without constitutionally required process, the Court now determines the appropriate remedy for his unlawful confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-cv-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)).

Respondents argue that the appropriate habeas relief would be for this Court to order a bond hearing, Dkt. 5 at 5, 7, and this Court agrees. Other courts in this District have ordered a post-deprivation hearing where petitioners had been arrested and charged with a crime after their initial release. *See Quinonez Torres,* 2026 WL 547591, at *10; *Reyes*, 2026 WL 507678, at *5 (W.D. Wash. Feb. 24, 2026); *Singh Sandhu*, 2026 WL 607701, at *2; *see also Singh v. Noem*, No. 2:26-cv-00246-BAT, 2026 WL 592265, at *3 (W.D. Wash. Mar. 3, 2026) (ordering conditional release where "Respondents claim to have detained Petitioner due to several violations of the OREC and Petitioner fails to rebut that asserted justification"); *Balwan v. Bondi*, No. 2:26-cv-00248-LK, 2026 WL 497098, at *5 (W.D. Wash. Feb. 23, 2026) (similar).

Having applied the *Mathews* factors to the factual record in this case, the Court holds that, under these circumstances, a prompt post-deprivation hearing is consistent with due

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 12

process.[6] Respondents have erroneously subjected Petitioner to continued detention a seemingly nonexistent "ongoing criminal investigation for serious felony offenses." Dkt. 6-4 at 4. However, Petitioner's criminal history has materially changed following his initial release. An individualized custody redetermination at a bond hearing before an immigration judge affords Petitioner the opportunity to meaningfully address his criminal history and mitigate the risk of erroneous deprivation of his liberty. This hearing must be held within 7 calendar days of this Order's filing date. *See Quinonez Torres*, 2026 WL 547591, at *6–10; *Reyes*, 2026 WL 507678, at *4; *Singh Sandhu*, 2026 WL 607701, at *3. Finally, at that bond hearing, Respondents must provide clear and convincing evidence demonstrating that, if released, Petitioner would pose a risk of danger to the community. *See Balwan*, 2026 WL 497098, at *5 (noting that clear and convincing evidence standard was appropriate when fashioning a remedy, even if such a standard were not required "as a general matter" for all noncitizens re-detained following release); *Singh*, 2026 WL 592265, at *3 (noting circuit split on evidentiary standard for post-deprivation bond hearings and concluding it was "reasonable" to impose clear and convincing evidence standard to remedy due process violation).

### VI.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1)    Petitioner's habeas Petition, Dkt. 1, is **GRANTED IN PART**;

---

[6] To the extent the Traverse alludes to possible indefinite detention, Dkt. 8 at 4–5, such new claims are not properly raised in the Traverse. Dkt. 8 at 4–5; *see Navarro-Maury v. Hermosillo*, No. 2:26-cv-00333-TMC, 2026 WL 672976, at *3 (W.D. Wash. Mar. 10, 2026). As discussed above, Petitioner is not subject to mandatory detention under Section 1225, and neither party has briefed a prolonged detention due process claim in the context of this case. Moreover, the relief awarded herein mirrors the relief generally awarded for prolonged mandatory detention claims under Section 1225(b). *See Duvine v. Hermosillo*, No. 2:25-cv-2583-SKV, 2026 WL 183374, at *6 (W.D. Wash. Jan. 9, 2026). Accordingly, the Court declines to construe Petitioner's allegations in the Traverse as a motion to amend the Petition. Should Petitioner wish to file a claim for prolonged detention, he may seek further relief from the Court at that time.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 13

(2)    Respondents **SHALL** provide Petitioner with a bond hearing before an immigration judge **within seven days of this Order** at which the Government bears the burden of proof by clear and convincing evidence that Petitioner is a danger to the community or poses a risk of flight;

(3)    If a bond hearing is not provided **within seven days** of the date of this Order, Respondents **SHALL release** Petitioner from ICE custody immediately on the terms of his most recent release; and

(4)    Respondents **SHALL file** a declaration with the Court confirming that Petitioner received a bond hearing—and the results of that hearing—or otherwise confirming his release by **April 6, 2026**.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 25th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 14